

**Rudolph A. Telscher, Jr.**
Direct Dial: 314-726-7515
rtelscher@hdp.com

September 16, 2014

*Via ECF and Fax (914-390-4179)*

Honorable Nelson S. Román
United States District Judge
The Hon Charles L. Brient Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *Radiancy Inc. v. Viatek Consumer Products Group, Inc.*
              No. 13-cv-3767 (NSR)(LMS)

Dear Judge Román:

Our firm has recently been retained by Defendant Viatek to assume the defense of the case. We have already consulted with opposing counsel to resolve outstanding issues and move discovery forward. This letter addresses two issues: (1) Plaintiff Radiancy has raised issues in letters to the Court regarding the alleged inadequacy of Viatek's invalidity contentions, an issue that Viatek will moot by providing contentions in accordance with Radiancy's request; and (2) a request for a Markman hearing if the Court is not opposed. The parties have amicably discussed these issues on two occasions in good faith and there is disagreement as further discussed below.

Regarding the first issue, on July 28, 3014, Radiancy alleged that Viatek's invalidity contentions are not in compliance with the Order Concerning Claim Construction and Invalidity Contentions, and requested that the Court preclude Viatek from asserting any prior art and/or award costs and fees. (Doc. 175). We disagree that the invalidity contentions are in violation of the Court's Order, as set forth in Viatek's response on August 10, 2014. Nonetheless, we have discussed the matter with our client and we do not oppose simply providing more detailed contentions to moot the issue. Viatek requests one month to supplement its invalidity contentions to satisfy Radiancy's complaints. We have discussed this issue with Radiancy. It welcomes more detailed invalidity contentions, but wishes to maintain its request for sanctions and takes no position on whether Viatek's request for one month is reasonable or otherwise causes it prejudice.

Regarding the second issue, claim construction briefing is complete. While the original Civil Case Discovery Plan and Scheduling Order (Doc. 33) provided for a claim construction hearing, the most recent Order Concerning Claim Construction and Invalidity Contentions (Doc. 99) does not provide a date for a hearing. In light of the importance of claim construction on the ultimate issues of both infringement and invalidity, we believe that a claim construction hearing would be

---

Harness, Dickey & Pierce, P.L.C.   Attorneys and Counselors
7700 Bonhomme, Suite 400, St. Louis, MO 63105    **Phone** 314.726.7500    **Fax** 314.726.7501

*Metropolitan*:    Detroit, MI    St. Louis, MO    Washington, D.C.    www.hdp.com

Honorable Nelson S. Román
September 16, 2014
Page 2 of 2

beneficial. This is particularly so because Radiancy added an expert affidavit into the record in its rebuttal brief. That witness should be subject to cross examination and a credibility assessment. Radiancy has indicated that it opposes a hearing. Claim construction hearings are conducted in the vast majority of patent cases and are useful to allowing the Court to vet the parties' positions in a fluid oral argument. Claim construction is reviewed *de novo* by the Court of Appeals for the Federal Circuit and, as the Federal Circuit has noted, is often the most central and dispositive issue in a patent case. *Eastman Kodak Co. v. Goodyear Tire & Rubber Co.,* 114 F.3d 1547, 1552 (Fed. Cir. 1997), *abrogated on other grounds by Cyber Corp. v. FAS Techs., Inc.,* 138 F.3d 1448 (Fed. Cir. 1998). We therefore believe it is in the best interests of the litigation to fully examine the arguments on these pivotal issues. And, due to the limited number of claim terms to be construed, a hearing should take no more than two-to-three hours.

Due to the crucial importance of claim construction and invalidity to patent infringement litigation, Viatek respectfully requests that the Court grant its request for a claim construction hearing at a date convenient to the Court, and that Viatek be granted one month to supplement its invalidity contentions to provide the level of detail requested by Radiancy.

Respectfully submitted,

Rudolph A. Telscher, Jr.

cc (via ECF and email):  All counsel of record
Hon. Lisa Margaret Smith (chambersNYSDSmith@nysd.uscourts.gov)

61339775.1