USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RADIANCY, INC.,

                    Plaintiff,

    -against-

VIATEK CONSUMER PRODUCTS GROUP,
INC.,

                 Defendant.

No. 13-cv-3767 (NSR) (LMS)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff, Radiancy, moves for clarification or, in the alternative, reconsideration of this

Court's Opinion and Order of June 1, 2015, which construed "pulsed heating of said one or more

heat elements" to mean "(1) periodic switching on and off of current to said one or more heat

elements or (2) generation of pulses of heat by other means (e.g., by mechanical means)."[1]  (ECF

No. 224 or the "June Opinion"). Familiarity with the June Opinion is assumed.

As an initial matter, the Court notes that although Plaintiff styled its motion as one for

clarification, the requested relief is clearly an expansion of the Court's prior, limited holding.

Therefore, the motion will be treated as one for reconsideration.

## I.    Legal Standard

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of

Civil Procedure 60(b). The standard for granting a motion for reconsideration pursuant to Local

Rule 6.3 is strict. *Targum v. Citrin Cooperman & Conipany, LLP*, 2013 WL 6188339, at *1

(S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of

---

[1] Radiancy disputes only the first prong of this construction. Therefore, the Court's reconsideration is limited to the first prong, referring to pulsed electricity/current rather than pulsed heating created by other means.

the district court[.]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A

motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or

otherwise taking a 'second bite at the apple . . . .'" *Analytical Surveys, Inc. v. Tonga Partners,*

*L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d

Cir. 1998); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115

(2d Cir. 2001) (in moving for reconsideration, "'a party may not advance new facts, issues, or

arguments not previously presented to the Court.'") (quoting *Polsby v. St. Martin's Press*, No. 97

Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)). They "'will

generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70

F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary

remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)

(internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston*

*Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir.

2006).

## II.     Discussion

In moving for reconsideration, Radiancy requests that the Court construe "pulsed

heating" to include pulses that result from the switching of current between discrete high values

and low values. (Plaintiff's Memorandum Of Law In Support Of Plaintiff's Motion For

Clarification, Or In The Alternative For Reconsideration, Of The Court's June 1, 2015 Claim

Construction "Pl.'s Memo", ECF No. 231, 2.) Radiancy has not presented any controlling

decisions or data that the Court overlooked but instead asks the Court to reconsider its analysis in

light of a newly framed argument. (*See generally* Pl.'s Memo.) This type of argument is

inappropriate on a motion for reconsideration. *See Analytical Surveys, Inc.*, 684 F.3d at 52. The

Court therefore sees no reason to depart from its construction. Even if the Court were to consider

the substance of Radiancy's arguments, it would reach the same result.

"[T]he focus in construing disputed terms in claim language is not the subjective intent of

the parties to the patent contract when they used a particular term. Rather the focus is on the

objective test of what one of ordinary skill in the art at the time of the invention would have

understood the term to mean." *Markman v. Westview Instrs., Inc.*, 52 F.3d 967, 986 (Fed. Cir.

1995) (en banc), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996); *Integrated*

*Linear Techns., Inc. v. Specialty Silicone Products, Inc.*, Civil Action No. 1:09–CV–1285

(GLS/DEP), 2011 WL 5080191, at *6 (N.D.N.Y. Apr. 7, 2011) ("[P]atent claims must be

interpreted not through the eyes of the court, nor those of any proffered experts, but rather from

the standpoint of a person skilled in the relevant art."). "Importantly, the person of ordinary skill

in the art is deemed to read the claim term not only in the context of the particular claim in which

the disputed term appears, but in the context of the entire patent, including the specification."

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). *See also Markman*, 52 F.3d at 979

("Claims must be read in view of the specification, of which they are a part.").

When describing pulsed heating, pulsed heat, and pulsed current, the specification

consistently speaks in terms of on/off and an interruptible power supply. *See, e.g.*, U.S. Patent

No. 7,170,034 at 6:34-40 (filed July 21, 2002) [hereinafter '034 Patent] ("[T]he heat generator

includes an *interruptible* power supply that energizes said heat element, said controller controls

the *interruptible* power supply to periodically heat said heat generator to a temperature at which

it is hot enough to cut hair and then causes it to cool to a lower temperature at which said skin

surface is not damaged.") (emphasis added); *id.* at 11:34-48 ("The time between pulses is regulated, depending on the rest of the construction, to allow heat element 324 to cool sufficiently and *to be off* for a sufficient period to avoid burning of the skin and build-up of heat, even if heat element 324 is not moved.") (emphasis added); *id.* at 9:28-42 ("However, in the short time that the *current is on,* the amount of heat generated is not sufficient to heat skin 104 to a temperature at which it is damaged.) (emphasis added). While Plaintiff is correct that claims are not limited to embodiments in the specification, when viewing the claim in light of the entire patent "of which they are a part," it is clear that the "on/off" and "interruptible language" clarifies the meaning of "pulsed." *Markman,* 52 F.3d at 979.

This construction is also consistent with additional language in the specification and claims. As the Court noted in its June Opinion, the '034 Patent makes a clear distinction between continuous energy and pulsed energy.[2] Plaintiff now argues that the term "pulsed heating" cannot be limited to on/off pulses but must also include high/low pulses. This expansion, however, is inconsistent with the distinction between continuous and pulsed energy. The plain meaning of the term continuous is "without stopping."[3] When current is pulsed between high and low energies, some level of energy is always provided and therefore, the energy is continuous. If the Court were to hold that pulses of high and low energy constitute pulsed heating, this would belie the distinction between continuous and pulsed energy.

Plaintiff insists that, by defining pulsed heating as periods of on and off current, the Court is imposing an erroneous limitation on the term. The Court, however, does not agree. While the Court acknowledges that "[t]here is a fine line between construing the claims in light of the

---

[2] The prosecution history reinforces this distinction. *See Radiancy, Inc. v. Viatek Consumer Products Grp., Inc.,* No. 13-CV-3767 NSR LMS, 2015 WL 3490711, at *2 (S.D.N.Y. June 1, 2015).

[3] Meriam Webster's Dictionary defines continuous as "continuing without stopping." *See* http://www.merriam-webster.com/dictionary/continuous.

specification and improperly importing a limitation from the specification into the claims," the Court has done the former and has simply construed the term in accordance with its use and context within the '034 Patent. *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1305 (Fed. Cir. 2011).

Moreover, to the extent Plaintiff asserts that the doctrine of claim differentiation mandates a broader interpretation of pulsed heating, the Court also disagrees. "Other claims of the patent in question, both asserted and unasserted, can also be valuable sources of enlightenment as to the meaning of a claim term. Because claim terms are normally used consistently throughout the patent, the usage of a term in one claim can often illuminate the meaning of the same term in other claims. Differences among claims can also be a useful guide in understanding the meaning of particular claim terms." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.Cir. 1996); *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed.Cir. 2001); *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1159 (Fed.Cir. 1997)). Claim 2 reads, "[a]pparatus according to claim 1 wherein the one or more heat elements are heated for a period of between 10 and 100 msec for each on-off cycle." '034 Patent, 20: 33-35. The use of "on/off" in claim 2 does not "add[] a particular limitation" to claim 1. *See Phillips*, 415 F.3d at 1315 ("the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim."). Instead, it simply refers to the periods of pulsed heating described in the independent claim, which further bolsters the Court's construction. The limitation added by claim 2 is the "period of between 10 and 100 msec," which is not relevant to the instant motion or the Court's construction of "pulsed heating."

Thus, the Court will not expand its construction of "pulsed heating" to include series of high and low pulses. In doing so, the Court upholds its prior determination that "the patent applicants disclaimed devices in which current … is continuously applied to the heat elements, and the specification speaks in terms of switching the *current on and off (not varying the voltage periodically)." Radiancy, Inc. v. Viatek Consumer Products Grp., Inc.*, No. 13-CV-3767 NSR LMS, 2015 WL 3490711, at *4 (S.D.N.Y. June 1, 2015) (emphasis added).

## III. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion to reconsider its June Opinion.

Dated:    December 2 2015
          White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge